UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA ARRIOLA,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY OF BAKERSFIELD, *et al.*,<br><br>        Defendants. | Case No. 1:25-cv-00195-JLT-CDB<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS AND UNOPPOSED REQUEST FOR JUDICIAL NOTICE<br><br>(Docs. 9, 10, 12)<br><br>**90-DAY DEADLINE** |

### **Background**

On February 13, 2025, Plaintiff Monica Arriola initiated this action with the filing of a complaint in which she asserts causes of action against Defendants City of Bakersfield and Anthony Berumen under 42 U.S.C. § 1983 and state law, arising out of a police investigation that occurred on June 7, 2024. (Doc. 1 at 6-8).

Pending before the Court is Defendants' motion to stay the proceedings until the conclusion of a criminal case arising out of the same incident, *People v. Anthony Javier Berumen* (Superior Court of California, County of Kern, Case No. BM992238A), and the accompanying request for judicial notice. (Doc. 9). Plaintiff filed an opposition to the motion on April 30, 2025. (Doc. 10). Defendants filed a reply on May 8, 2025. (Doc. 12). Plaintiff did not oppose the request for judicial notice.

**Factual Allegations**

Plaintiff asserts that, on June 7, 2024, several police officers for Defendant City of Bakersfield, including Defendant Berumen, were "investigating an alleged burglary taking place inside a [motel] room at The Blanco Inn." (Doc. 1 at 6-7). When Berumen and other officers made entry into the room in question, they discovered that Plaintiff was inside the room's bathroom. Berumen, a canine handler, had his canine with him. Berumen and the other officers forced entry into the bathroom where they encountered Plaintiff, seated on the floor with her hands up. Plaintiff was compliant with the officers. Berumen deployed his canine off-leash with instructions to bite Plaintiff. The canine initially refused, after which Berumen grabbed Plaintiff's arm and held it to the canine's mouth, repeating the order. *Id.* at 7.

The canine again refused and Berumen grabbed Plaintiff's leg and held it next to the canine's mouth, repeating the order. The canine then began to bite Plaintiff's leg. Plaintiff was then arrested and provided medical attention. *Id.* at 8.

**Governing Law**

The power to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *accord CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A court may enter a stay "pending resolution of independent proceedings which bear upon the case … whether the separate proceedings are judicial, administrative, or arbitral in character," and granting the stay "does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (quotation and citation omitted). In granting a stay, a court must weigh "the length of the stay against the strength of the justification given for it." *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). "If a stay is especially long or its term is indefinite, [courts] require a greater showing to justify it." *Id*.

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved,

[simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Id.* (citation omitted). "Nevertheless, a court may decide in its discretion to stay civil proceedings … when the interests of justice seem [ ] to require such action." *Id.* (citation and internal quotations omitted).

When a plaintiff brings claims under § 1983 that are "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice" for the court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see Fed. Saving & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). When determining whether a stay is appropriate, courts look to whether the criminal defendant's Fifth Amendment rights may be implicated by the civil proceedings. *Keating*, 45 F.3d at 324 (citing *Molinaro*, 889 F.2d at 902). Courts also consider (1) the interest of the plaintiff in proceeding with the litigation and the potential prejudice to the plaintiff of a delay; (2) the convenience of the court and the efficient use of judicial resources; (3) the interests of third parties; and (4) the interests of the public. *Keating*, 45 F.3d at 324-25.

**Discussion**

As a preliminary matter, Defendants ask the Court to take judicial notice of the criminal docket in the case of *People v. Anthony Javier Berumen* in the Superior Court of California, County of Kern, Case No. BM992238A (the "Criminal Action"). (Doc. 9-3). The Court hereby takes judicial notice of the information conveyed on the criminal docket case information page attached as Exhibit A (*id.* at 3) to the request for judicial notice for purposes of ruling on the motion to stay.[1]

**A. Fifth Amendment Considerations**

Defendants assert that the instant action implicates Defendant Berumen's Fifth Amendment rights. (Doc. 9-1 at 4). Defendants state that the underlying facts and circumstances overlap between the pending Criminal Action and the claims herein. *Id.* Defendants argue that, if the instant action proceeds, Berumen will be required to either "respond under oath to Plaintiff's discovery requests or invoke his Fifth Amendment rights." If he chooses to invoke those rights, a

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

3

1 trier of fact may then draw an adverse inference therefrom. *Id.* (citing *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264 (9th Cir. 2000)). Defendants assert that invocation of the Fifth Amendment will impede Plaintiff's discovery. *Id.* (citing *Valenzuela v. Santiesteban*, 1:20-CV-01093-NONE-BAM (PC), 2021 WL 1845544, at *2 (E.D. Cal. Apr. 9, 2021)).

Plaintiff asserts that any Fifth Amendment concerns reflect only one consideration to be weighed against others and, thus, Defendant has not met their burden. (Doc. 10 at 6) (citing *Keating*, 45 F.3d at 326).

The Fifth Amendment unquestionably is implicated here. Plaintiff does not dispute that the facts underlying the Criminal Action overlap with this civil proceeding. Both cases involve the June 7, 2024, incident between Plaintiff and Defendant Berumen and likely will involve substantially all the same parties and witnesses. Thus, if this case proceeds, Plaintiff will seek discovery from Berumen, and he will be required to respond under oath. The discovery will involve Berumen's alleged criminal misconduct on June 7, 2024. As such, there is a substantial risk of prejudice to Berumen's Fifth Amendment rights. *See Gonzalez v. City of Bakersfield*, No. 1:23-CV-00208-ADA-CDB, 2023 WL 2760906, at *2 (E.D. Cal. Apr. 3, 2023); *see also Mays v. Matus*, No. CV 24-71-GF-DLC, 2024 WL 4727992, at *1 (D. Mont. Nov. 8, 2024) (finding risk of defendant's self-incrimination warranted stay of civil proceedings pending completion of related criminal action charging defendant with same conduct).

Therefore, staying the case makes "[efficient use] of judicial resources by ensuring that common issues of fact will be resolved, and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination." *Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin., Inc.*, No. 2:09-cv-00954-FCD-EFB, 2009 WL 2136986, at *4 (E.D. Cal. July 15, 2009) (citation and internal quotations omitted).

### B. Other *Keating* Factors

The other *Keating* factors also support a stay. Any prejudice to Plaintiff is minimal given that both proceedings involve similar facts and witnesses, and it is unlikely that evidence will be lost or memories will fade with the passage of time. *See McCormick v. Rexroth*, No. C 09-4188 JF, 2010 WL 934242, at *3 (N.D. Cal. 2010) (noting that though delay always has the potential to

4

impact evidence at trial, the risk is reduced where the criminal trial is likely to begin relatively soon and the witnesses in both proceedings are likely to significantly overlap).  The public interest weighs in favor of a stay because "[t]he public has an interest in 'ensuring that the criminal process is not subverted' by ongoing civil cases." *Douglas v. United States*, No. C 03-4518, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006) (citation omitted).  Similarly, judicial efficiency favors the imposition of a stay because Plaintiff's action involves many of the same facts.  A stay could prevent the unnecessary expenditure of resources (*see Mays*, 2024 WL 4727992, at *2) and does not prevent Plaintiff from proceeding with her claim when the criminal proceedings are resolved.

**Conclusion and Order**

Based on the foregoing, the *Keating* factors set forth by the Ninth Circuit weigh in favor of granting a stay of this action.  Accordingly, it is HEREBY ORDERED that:

1. Defendants' motion to stay the proceedings and request for judicial notice (Doc. 9) are GRANTED.
2. This action is STAYED pending the resolution of the criminal matter arising out of the same incident: *People v. Anthony Javier Berumen* in the Superior Court of California, County of Kern, Case No. BM992238A.
3. The parties shall file a joint report addressing the status of the criminal case 90 days from the date of entry of this order, and thereafter, every 90 days.
4. The parties shall file a final joint report within 14 days of the aforementioned case being concluded.  The final joint report upon the resolution of the case must set forth the parties' positions as to the criminal case's impact on this instant litigation and the parties' respective positions concerning further scheduling of the case.
5. All other case management dates, conferences and filing requirements are VACATED.

IT IS SO ORDERED.

Dated:   **July 14, 2025**

UNITED STATES MAGISTRATE JUDGE